[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-12940
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00586-CR-BBM-4-1

UNITED STATES OFAMERICA,

Plaintiff-Appellee,

versus

ADAN GIL MIRANDA,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

**(June 4, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Adan Gil Miranda appeals his drug and firearm convictions, 21 U.S.C. §§ 841(a)(1), 846, 18 U.S.C. § 924(c)(1)(A). No reversible error has been shown; we affirm.

The pertinent facts of this case are recited in a prior panel decision of this Court, United States v. Miranda, 425 F.3d 953 (11th Cir. 2005) ("Miranda I"). There, on the government's appeal, the panel vacated the district court's grant of Miranda's post-verdict motion for judgment of acquittal.[1] The panel concluded that the evidence sufficiently demonstrated Miranda's membership in the conspiracy and that he was guilty of the possession crimes that were committed in furtherance of the conspiracy, and remanded for additional proceedings. Miranda I, 425 F.3d at 963-64.

On remand, the district court considered Miranda's motion for a new trial.[2] In his motion for a new trial, Miranda raised two claims of prosecutorial misconduct about the use of two witnesses' trial testimony in the government's closing argument. The district court granted the motion, and the government again appealed. A panel of this Court vacated and remanded, determining that the district court abused its discretion in granting the motion both because it was untimely and because (1) the alleged comments were not improper, and (2)

---

[1]A jury had convicted Miranda of drug conspiracy, two counts of possession with intent to distribute cocaine and methamphetamine, and possession of a firearm in relation to a drug trafficking crime.

[2]When the district court granted Miranda's motion for judgment of acquittal, it treated Miranda's alternative motion for a new trial as moot, in contravention of Fed.R.Crim.P. 29(d)(1), which requires a conditional ruling on a motion for a new trial when a post trial motion for judgment of acquittal is granted.

sufficient evidence supported Miranda's convictions such that any error was harmless. See United States v. Miranda, No. 06-11196 (11th Cir. March 23, 2007) (unpub.) ("Miranda II"). On remand, the district court entered judgment against Miranda and sentenced him to 180 months' imprisonment.

In the present appeal, Miranda argues that the cumulative effect of several instances of prosecutorial misconduct rendered his trial unfair.[3] In reviewing claims of prosecutorial misconduct, "we must assess (1) whether the challenged comments were improper, and (2) if so, whether they prejudicially affected the substantial rights of the defendant." United States v. Arias-Izquierdo, 449 F.3d 1168, 1177 (11th Cir. 2006). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006), cert. denied, 127 S.Ct. 1305 (2007). While we

---

[3] In his 13 allegations, Miranda submits that the prosecution acted improper in the following ways: (1) asking Sebastian Cuevas, a key government witness, a misleading question about a stash house he used on Alcott Road when Miranda was arrested at a different location; (2) making three improper speaking objections that disparaged defense counsel; (3) eliciting irrelevant testimony from Cuevas about uncharged marijuana distribution and Cuevas's fear that his family would be harmed if he cooperated with the government; (4) eliciting unqualified opinion testimony from two law enforcement officers about whether the occupants of the apartment would be armed and the identification found in Miranda's clothing; (5) eliciting misleading testimony about whether Cuevas had been offered a sentence reduction for his testimony; (6) failing to correct false testimony by a case agent about whether he noted in his DEA-6 that the apartment reeked of acetone; and (7) during its closing argument, misrepresenting Miranda's opening statement, making improper references to Miranda as "the enforcer," and referring to the "late, great cook" when nothing evidenced that the cook was dead.

3

generally review claims of prosecutorial misconduct <u>de</u> <u>novo</u>, <u>see</u> <u>id.</u>, because

Miranda did not object to the government's statements during trial, we review

them only for plain error "that is so obvious that failure to correct [the error]

would jeopardize the fairness and integrity of the trial," <u>United States v. Bailey</u>,

123 F.3d 1381, 1400 (11th Cir. 1997).[4]

Of Miranda's several allegations of prosecutorial misconduct, we conclude

that only two were even arguably improper. First, during an objection, the

prosecutor commented to the district court that Miranda's lawyer asked an

improper question on cross-examination of a witness and suggested that Miranda's

lawyer knew it was improper because defense counsel had formerly been a

prosecutor. A personal attack on an opposing lawyer may constitute prosecutorial

misconduct. <u>See</u> <u>United States v. Young</u>, 105 S.Ct. 1038, 1043 (1985). But

because the prosecutor's comment about Miranda's lawyer as a former prosecutor

arose in the context of an evidentiary objection addressed to the court, not the jury,

we conclude that the comment did not rise to the level of misconduct. <u>See</u> <u>United</u>

<u>States v. Tampas</u>, 493 F.3d 1291, 1302-03 (11th Cir. 2007) (considering that

prosecutor's statement was addressed to the court during an evidentiary objection,

---

[4]We reject the government's argument that Miranda waived his right to raise his claims of prosecutorial misconduct on direct appeal because he did not raise them in his motion for new trial. We review claims of prosecutorial conduct not raised in the district court for plain error.

4

in concluding that statement did not rise to the level of prosecutorial misconduct). The prosecutor's comment also did not specifically accuse Miranda's lawyer of intentionally lying or misleading the jury. See United States v. Calderon, 127 F.3d 1314, 1335-36 (11th Cir. 1997) (declining to find misconduct even where prosecutor's comments directly accused defense counsel of misstating the evidence, making factually baseless accusations, and making fictitious closing arguments).

The other arguable improper comment occurred in closing argument when the prosecutor referred to the "late, great cook." This comment stemmed from the prosecution's summary of conversations between Miranda's co-defendant Jesus Alvear Uribe and Cuevas about their theory that the person who "cooked" methamphetamine for the drug organization stole drugs from a stash house. This comment suggested that the government knew the cook was dead, even though no such evidence had been presented. See Bailey, 123 F.3d at 1400 (a prosecutor may not exceed the evidence in closing argument, but may state conclusions drawn from the evidence). We conclude, however, that the comment did not bear on Miranda's substantial rights because it was an isolated remark in an otherwise lengthy, multi-defendant trial and it did not implicate Miranda because the conversations about the cook occurred between Cuevas and Uribe.

5

More important, as we already have concluded in both <u>Miranda I</u> and <u>Miranda II</u>, the record contains sufficient competent evidence of Miranda's guilt. See <u>Miranda I</u>, 425 F.3d at 961-62; <u>Miranda II</u>, No. 06-11196, manuscript op. at 17-19. And the improper comments did not negate the evidence supporting Miranda's convictions. Because Miranda's guilt sufficiently was established, any error by the prosecution was harmless. See <u>Eckhardt</u>, 466 F.3d at 947 ("When the record contains sufficient independent evidence of guilt, any error is harmless.").[5]

After review of the record, we conclude that none of Miranda's allegations -- either singly or cumulatively -- constitute reversible error. See <u>United States v. Waldon</u>, 363 F.3d 1103, 1110 (where there is no error or only a single error, there can be no cumulative error); <u>Calderon</u>, 127 F.3d at 1333 ("[i]n addressing a claim of cumulative error, we must examine the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial").[6]

**AFFIRMED.**

---

[5]Because we conclude that Miranda's substantial rights were not prejudiced, we decline to address the merits of each of his allegations other than to note that we do not believe they rose to the level of prosecutorial misconduct.

[6]On appeal, Miranda seeks to have this Court review, in its cumulative analysis, the claims of prosecutorial misconduct he raised in his motion for a new trial. But we already rejected these claims in <u>Miranda II</u> and need not address them now.